UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br>Plaintiff,<br>v.<br>JOHN DOE, subscriber assigned IP address 76.176.139.91,<br>Defendant. | Case No.: 3:26-cv-04788-JO-BJW<br><br>**ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**<br><br>**[ECF No. 4]** |

Before the Court is Plaintiff Strike 3 Holdings, LLC's ("Plaintiff" or "Strike 3") ex parte application for leave to serve a third-party subpoena prior to a conference pursuant to Federal Rule of Civil Procedure 26(f). ECF No. 4. Plaintiff seeks leave to subpoena Spectrum, the internet service provider ("ISP") associated with IP address 76.176.139.91, for the subscriber's name and physical address. For the reasons set forth below, Plaintiff's application is **GRANTED**, subject to the limitations and protective provisions in this Order.

//

//

//

## I. BACKGROUND

This case is one of many Plaintiff has filed in this district alleging copyright infringement by a John Doe defendant by using the BitTorrent file sharing system.[1] On August 20, 2026, Plaintiff filed a complaint against Defendant John Doe, subscriber assigned IP address 76.176.139.91, alleging a single count of direct copyright infringement. ECF No. 1 ("Compl."). Plaintiff alleges that it owns copyrights in adult motion pictures distributed through its websites and DVDs and that Defendant used the BitTorrent file-sharing network to download, copy, and distribute 24 of those works without authorization. Compl. ¶¶ 2–4, 47–55. Exhibit A to the Complaint identifies the works by their copyright registration numbers and provides the associated torrent "Info Hash" values and dates and times of the alleged infringement. ECF No. 1-2. The listed activity occurred between May 21, 2026, and July 26, 2026. *Id*.

According to the Complaint, Plaintiff's proprietary infringement-detection systems, VXN Scan and the Cross Reference Tool, identified activity associated with IP address 76.176.139.91. Compl. ¶¶ 27–45. Plaintiff alleges that VXN Scan established direct connections with that IP address, downloaded pieces of digital media files corresponding to Plaintiff's copyrighted works, and recorded those transactions in packet-capture files. Id. ¶¶ 31–35. Plaintiff further alleges that it compared complete digital media files obtained through the BitTorrent network with its copyrighted works and verified that the files contained copies of those works. Id. ¶¶ 28–30.

Plaintiff currently identifies Defendant only by the IP address associated with the alleged infringement. Id. ¶ 12. Plaintiff identifies Spectrum as the relevant ISP and asserts that Spectrum can identify the subscriber assigned that IP address. Id. ¶ 5; ECF No. 4-1 at 1–2, 11. Plaintiff therefore requests leave to serve a Rule 45 subpoena limited to

---

[1] *See, e.g.*, 17-cv-02302-MMA-JLB; 18-cv-00042-CAB-JLB; 19-cv-02452-JAH-LL; 20-cv-00948 WQH-MSB; 21-cv-00591-CAB-MSB; 22-cv-00299-RBM-AGS; 23-cv-00940-AGS-MMP; 24-cv 00336-JLS-AHG; 25-cv-01652-H-DDL.

obtaining the subscriber's name and address so that it may investigate the subscriber's role in the alleged infringement and effectuate service. ECF No. 4-1 at 1–2.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26 provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)" unless the Court authorizes it. Fed. R. Civ. P. 26(d)(1). "[H]owever, in rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). "Requests for early or expedited discovery are granted upon a showing by the moving party of good cause." *Malibu Media, LLC v. John Does 1 through 16*, No. 12-CV-1847-AJB-DHB, 2012 WL 3809128, at *2 (S.D. Cal. Sept. 4, 2012) (citing *Columbia Ins.*, 185 F.R.D. at 578).

The Ninth Circuit has said that plaintiffs should be given an opportunity to identify unknown defendants through discovery, "unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie*, 629 F.2d at 642. Courts apply a three-factor test to evaluate motions for early discovery to identify defendants. *Malibu Media, LLC,* 2012 WL 3809128, at *2. First, "the plaintiff should identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court." *Columbia Ins.*, 185 F.R.D. at 578. Second, the plaintiff must "identify all previous steps taken to locate the elusive defendant." *Id.* at 579. Third, the plaintiff must "establish to the Court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss." *Id.*

## III. DISCUSSION

Plaintiff seeks to serve an early subpoena on Spectrum to learn the identity of the subscriber assigned to a specific IP address. For the reasons discussed below, Plaintiff has established good cause to do so.

**A. Identification of Missing Party with Sufficient Specificity**

First, Plaintiff must identify the Doe defendant with sufficient specificity to establish that the defendant is a real person subject to this Court's jurisdiction. *See Malibu Media, LLC*, 2012 WL 3809128 at *3. The Court finds that Plaintiff has done so for purposes of the present application.

The Complaint identifies a specific IP address associated with the alleged infringement, and Exhibit A identifies the copyrighted works and the dates and times of the recorded activity. Compl. ¶¶ 31–45; ECF No. 1-2. Plaintiff alleges actual transmissions of pieces of its copyrighted works through direct connections with that IP address, rather than merely the appearance of an IP address in a list of potential BitTorrent peers. Compl. ¶¶ 31–35. These allegations support a preliminary determination that the alleged activity is attributable to an actual person using the identified internet connection.

Plaintiff has also provided evidence connecting the IP address to this District. Strike 3's General Counsel, Emilie Kennedy, declares that Plaintiff queried MaxMind's geolocation database on May 27, 2026, and obtained a result locating IP address 76.176.139.91 in Carlsbad, California. ECF No. 4-2, Kennedy Decl. ¶¶ 3–5. Plaintiff queried the database again before filing the Complaint and again before filing Kennedy's declaration, confirming each time that the IP address continued to trace to this District. Id. ¶¶ 6–7. Courts in this District have accepted comparable geolocation evidence as sufficient at the early-discovery stage. *See Strike 3 Holdings v. Doe*, No. 17CV2317-JAH-BLM, 2017 WL 6389848, at *2 (S.D. Cal. Dec. 14, 2017).

The Court accordingly finds that Plaintiff has identified the Doe defendant with sufficient specificity and has made a sufficient preliminary showing that the alleged infringer is located within the Southern District of California. This finding is limited to the present discovery request and does not resolve any subsequent challenge to personal jurisdiction or establish that the subscriber is the person who committed the alleged infringement.

**B. Previous Attempts to Locate Defendant**

Second, Plaintiff must identify all prior steps it has taken to identify the defendant. *Columbia Ins.*, 185 F.R.D. at 579. Plaintiff represents that it searched the IP address using publicly available internet search tools, reviewed legislative reports, agency websites, information-technology guides, and relevant case law, and consulted computer investigators and cybersecurity consultants about alternative methods of identification. ECF No. 4-1 at 8. Those efforts allowed Plaintiff to identify the ISP and the geographic area associated with the IP address, but not the subscriber's identity. *Id.*

On this record, the Court finds that Plaintiff has made a good-faith effort to identify Defendant through available means and has adequately explained why it cannot obtain the necessary identifying information without discovery directed to Spectrum. This factor favors granting the application.

**C. Ability to Withstand a Motion to Dismiss**

Third, the Court must determine whether Plaintiff has established that it could withstand a motion to dismiss. *Columbia Ins.*, 185 F.R.D. at 579–80. Plaintiff alleges a single count of direct copyright infringement. Compl. at 8. A copyright infringer is "[a]nyone who violates any of the exclusive rights of the copyright owner." *Bell v. Wilmott Storage Servs.*, LLC, 12 F.4th 1065, 1080 (9th Cir. 2021) (quoting 17 U.S.C. § 501(a)). To prove direct copyright infringement, "a plaintiff 'must show ownership of the allegedly infringed material' and 'demonstrate that the alleged infringers violated at least one exclusive right granted to copyright holders under 17 U.S.C. § 106.'" *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 666 (9th Cir. 2017) (quoting *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001)). A claim for direct infringement also requires "volitional conduct," or proximate causation. *See id.* at 666–67.

Plaintiff alleges that it owns the works at issue and that Defendant copied and distributed those works without authorization or consent. Compl. ¶¶ 46, 49, 52; ECF No. 1-2. Plaintiff further alleges that Defendant affirmatively engaged in this conduct using the BitTorrent network. Compl. ¶¶ 31–35, 47, 53–54. For purposes of this limited

discovery request, these allegations sufficiently state a claim of direct copyright infringement. *See Strike 3 Holdings*, 2017 WL 6389848, at *3. This determination does not establish the liability of the subscriber identified in response to the subpoena.

**D. Likelihood That the Requested Discovery Will Assist Identification**

The requested discovery is reasonably likely to assist Plaintiff in identifying the alleged infringer and effectuating service. Plaintiff identifies Spectrum as the ISP associated with the relevant IP address and explains that Spectrum maintains the information necessary to correlate the IP address with its subscriber. ECF No. 4-1 at 1–2, 11. The proposed subpoena seeks only the subscriber's name and physical address, information Plaintiff has been unable to obtain through other means. *Id*. at 2, 8.

Identifying the subscriber will permit Plaintiff to investigate the subscriber's role, if any, in the alleged infringement and determine whether and against whom to proceed. The Court therefore finds good cause to authorize the limited discovery described below.

## IV. LIMITED PROTECTIVE ORDER

The Court is empowered to issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). Plaintiff states that it does not oppose procedural safeguards protecting Defendant's identity and welcomes such protections in this action. ECF No. 4-1 at 12.

Given the sensitive nature of the allegations and the possibility that the subscriber is not the alleged infringer, the Court finds good cause to impose temporary restrictions on the use and public disclosure of identifying information obtained through the subpoena. *See Strike 3 Holdings, LLC v. Doe*, No. 23-CV-01558-H-MSB, 2024 WL 253632, at *2–3 (S.D. Cal. Jan. 23, 2024) (weighing the parties' concerns and the public interest and finding a limited protective order appropriate); *see also Strike 3 Holdings, LLC v. Doe*, No. 22-CV-00296-LL-JLB, 2022 WL 935267, at *5 (S.D. Cal. Mar. 29, 2022) (imposing a limited protective order to prevent the possibility of any "unscrupulous tactics" to shake down IP address owners).

Plaintiff shall use information obtained through the subpoena solely to investigate and prosecute this action. Plaintiff shall not publicly disclose the subscriber's identity before service of the summons and complaint or during the sixty (60) days thereafter. Defendant may proceed as John Doe during that period and may seek continued protection. If Defendant timely moves for continued protection, these protections shall remain in effect pending resolution of that motion. Any request to file identifying information under seal must comply with applicable filing requirements.

## V. CONCLUSION

Plaintiff is granted leave to serve a Rule 45 subpoena on Spectrum. The subpoena shall be limited to obtaining the name and physical address of the subscriber or subscribers assigned IP address 76.176.139.91 at the dates and times identified in Exhibit A to the Complaint. The subpoena shall specify those timestamps in UTC, include a copy of this Order, and allow Spectrum at least forty-five (45) days from service to comply.

Pursuant to 47 U.S.C. § 551(c)(2)(B), Spectrum shall, within fourteen (14) days of being served with the subpoena, provide the affected subscriber or subscribers with copies of the subpoena and this Order. The subscriber shall have twenty-one (21) days from receipt of both documents to file any challenge to the subpoena. Spectrum shall not disclose the requested information before the later of the subpoena's compliance deadline or expiration of the subscriber's challenge period. If Spectrum elects to move to quash the subpoena, it must do so before the compliance deadline. If Spectrum or the subscriber timely files a challenge to disclosure, Spectrum shall preserve the responsive information and shall not disclose it pending further order of the Court.

**IT IS SO ORDERED.**

Dated: October 20, 2026.

Hon. Brian J. White
United States Magistrate Judge